680 A.2d 1166

**COMMONWEALTH of Pennsylvania**

v.

**Walter E. TRAYER, Appellant.**

Superior Court of Pennsylvania.

Argued June 11, 1996.

Filed July 9, 1996.

Samuel W. Milkes, Carlisle, for appellant.

Jaime M. Keating, Assistant District Attorney, Carlisle, for Commonwealth, appellee.

Before TAMILIA, JOHNSON and MONTEMURO,* JJ.

TAMILIA, Judge.

Walter E. Trayer appeals from the July 20, 1995 Order denying his motion to dismiss the criminal charges pending against him as a consequence of having been arrested for allegedly possessing with the intent to deliver 58.8 grams of cocaine.[1] The facts pertinent to this appeal follow.

---

* Retired Justice assigned to the Superior Court.

1. This interlocutory appeal is being considered on the basis it is alleged appellant would endure double jeopardy should the Commonwealth be allowed to proceed.

On December 11, 1994, a confidential informant told Officer Michael McLaughlin of the Upper Allen Police Department the appellant had phoned her to say he had purchased cocaine in New York, was en route to central Pennsylvania and would meet her that evening at a local hotel for the purpose of selling her cocaine. In an effort to apprehend appellant, the confidential informant and McLaughlin rented adjoining rooms at the hotel. McLaughlin watched as appellant drove his Jaguar into the hotel parking lot, and then listened as he and the confidential informant spoke in the adjoining room concerning appellant's trip to New York City to purchase the cocaine he now offered her for sale. Appellant asked the confidential informant if she would like to try some of the cocaine but the confidential informant declined. A few minutes later, McLaughlin and some fellow officers knocked on appellant's hotel door, were admitted by the confidential informant and arrested the appellant. Pursuant to a search warrant, cocaine was seized from appellant's person, and a cellular telephone was taken from his Jaguar.

On February 23, 1995, after appellant was arraigned but prior to trial, the Commonwealth instituted forfeiture proceedings [2] against him pursuant to 42 Pa.C.S. § 6801(a)(2), (4) and (6)(i)(A) to secure his 1983 Jaguar SJ6 automobile, the cellular phone found therein, and $79 seized from appellant at the time of his arrest. The Commonwealth averred the appellant had used or intended to use the items seized to facilitate the drug transaction in question. Following a hearing, by Order dated June 7, 1995, the court directed forfeiture of the car and telephone. No appeal from this Order was taken.

On July 3, 1995, defendant filed a motion to dismiss the drug trafficking charges pending as a result of his December 11, 1994 arrest, arguing that to proceed would violate his rights against twice being placed in jeopardy for a singular criminal offense, and being subjected to cruel and unusual punishment. On July 20, 1995, his motion to dismiss was

---

**2.** *Commonwealth v. One 1985 Jaguar SJ6, et al.,* No. 95–0038 Miscellaneous Term (Cumberland County).

denied and this appeal followed.[3]

Appellant argues if he is prosecuted on the drug trafficking charges, double jeopardy will result as he has already been "punished" by the confiscation of his Jaguar. Appellant reasons the forfeiture of his vehicle, as a consequence of an *in rem* civil forfeiture proceeding, was a punitive rather than a remedial measure, and constituted "punishment" for double jeopardy and excessive fines purposes.

When evaluating a double jeopardy challenge in the context of multiple punishments, the court must find the civil forfeiture indeed constituted a punishment. Appellant relies on the United States Supreme Court case of *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), in support of his argument an *in rem* civil forfeiture constitutes a punishment for violation of the Controlled Substance, Drug, Device and Cosmetic Act.[4] However, according to this Court's reading of *Halper* as it relates to the matter before us, the *Halper* Court limited its holding to the circumstances before it and found a civil sanction will be deemed punishment for double jeopardy purposes where the fine is not characterized as remedial and the dollar amount or value is disproportionate to the government's loss.[5] We do not take issue with this reasoning but look to applicable Pennsylvania caselaw, *Commonwealth v. Wingait Farms*, 659 A.2d 584 (Pa.Cmwlth. 1995), *alloc. denied*, 543 Pa. 697, 670 A.2d 144 (1995), *alloc. granted*, 542 Pa. 676, 668 A.2d 1137 (1995), which discusses punitive versus remedial measures in cases alleging double jeopardy. The *Wingait* court found the essence of Controlled

3. On August 7, 1995, pursuant to the parties' stipulation, an Order was issued making the forfeiture proceedings part of the criminal case docketed at 95–0049, Cumberland County.

4. 35 Pa.C.S. § 780–101 *et seq.*

5. The United States Supreme Court in *United States v. Guy Jerome Ursery*, —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), recently adopted the position we have indicated herein. The Court held that in the history of both common law and statutory forfeiture, as unwaveringly decided by the Court, a civil proceeding designated *in rem*, as opposed to *in personam*, is remedial and neither punishment nor criminal so as to implicate double jeopardy.

Substances Forfeitures [6] to be "remedial rather than punitive", reasoning the statute "serves the purpose of depriving the defendant of the means to commit additional offenses and also helps the state defray the costs of investigation and prosecution". *Id.*, 659 A.2d at 591; *see also Commonwealth v. Higginbottom*, 451 Pa.Super. 81, 678 A.2d 408 (1996); (Forfeiture of proceeds directly traceable to the sale of illegal drugs is a remedial measure and does not constitute punishment for purposes of double jeopardy.). Moreover, in addition to the statutory support for the appellee's position herein, as stated by the trial court in its concise, well-reasoned Opinion:

> [D]efendant's automobile was forfeited because it was used to facilitate the transportation, possession and concealment of the cocaine that forms the basis of this criminal case, 42 Pa.C.S. Section 6801(a)(4), and the cellular phone was forfeited because it was used to facilitate the exchange of the controlled substance, 42 Pa.C.S. Section 6801(a)(2). The property was forfeitable because it was significantly used in the commission of this alleged drug offense. Prosecuting defendant now on the criminal charge will not subject him to multiple punishment that will violate the Double Jeopardy Clause.

We agree with the *Wingait* court's reasoning as well as that of the trial court and therefore find appellant's double jeopardy argument as it relates to multiple punishments devoid of merit.[7]

■ Appellant also contends the seizure of his Jaguar and cellular phone was punishment because the value of the vehicle was disproportionate to the government's loss. In addition to *Halper*, appellant relies on *Austin v. United States*, 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993), and argues the seizure of such an expensive vehicle, in light of the severity of his crime, was excessive and, therefore, violative of

---

6. 42 Pa.C.S. § 6801 *et seq.*

7. Appellant's reliance in his reply brief on *Commonwealth v. Hess*, 532 Pa. 607, 617 A.2d 307 (1992) is misplaced, the sentence quoted, "[q]uintessentially, it is a punitive measure[,]" constituting dicta.

his Eighth Amendment right to be free of cruel and unusual punishment.[8]

■ The *Austin* decision, which found the Eighth Amendment excessive fines clause applicable to the drug-related, civil, *in rem* forfeiture at issue [9] because it served to punish, was addressed in *In re King Properties*, 535 Pa. 321, 635 A.2d 128 (1993). King's house was forfeited after it was found the realty was inextricably linked to the drug trafficking with which he was charged. Our Supreme Court adopted the view of Justice Scalia in *Austin* and held as follows:

> We agree with Mr. Justice Scalia that in determining whether a forfeiture is an excessive fine, and therefore disproportionate, the inquiry does not concern the value of the thing forfeited, but the relationship of the offense to the property which is forfeited. If the forfeited property was significantly used in the commission of the offense, the item may be forfeited regardless of its value.

*King Properties, supra* at 330, 635 A.2d at 133. Accordingly, in the matter *sub judice*, the monetary value of the Jaguar forfeited is immaterial in that it was used in the furtherance of the crime with which the appellant is charged. The dispositive factor is the vehicle's connection to the crime, not its value. We agree with the trial court the Excessive Fines Clause of the Eighth Amendment has not been offended.

Having found appellant's arguments devoid of merit, we affirm the Order denying appellant's motion to dismiss the pending drug trafficking charges.

Order affirmed.

---

**8.** Appellant also cites *Montana Dept. of Revenue v. Kurth Ranch*, 511 U.S. 767, 114 S.Ct. 1937, 128 L.Ed.2d 767 (1994).

**9.** The court was considering federal forfeiture statutes, 21 U.S.C. § 881(a)(4) and (7).