J-S54041-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES EDWARD FARLEY | |
| Appellant | No. 804 MDA 2014 |

Appeal from the PCRA Order entered November 7, 2013
In the Court of Common Pleas of Susquehanna County
Criminal Division at No: CP-58-CR-0000430-2006

BEFORE:  LAZARUS, MUNDY, and STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 20, 2014**

Appellant, James Edward Farley, appeals from the order entered on November 7, 2013 in the Court of Common Pleas of Susquehanna County, denying Appellant's petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

The underlying facts gleaned from the record are as follows.  Appellant was arrested on December 7, 2006 and charged in four separate cases involving, *inter alia*, burglary, robbery, simple assault, and criminal attempt at theft by unlawful taking.[1]  Prior to trial on the various criminal charges, the Susquehanna County District Attorney brought a civil forfeiture case

_____

[1] 18 Pa.C.S.A. §§ 3502(a), 3701(a)(1)(ii), 2701(a)(1), and 901(a).

against Appellant's automobile, a 1997 Hyundai Accent. In an order dated April 24, 2007, the trial court ordered forfeiture of the Hyundai Accent as derivative contraband, finding:

> Testimony during the hearing of April 20th, 2007, indicated that the car was used to transport [Appellant] to and from the scenes of several crimes, including those for which he is presently charged. While the vehicle was not used in the commission of the crime *per se*, it was an essential part of the sequence of events that led to the crimes. . . . [T]he nexus of person and crime could not be possible without the vehicle, which was the only vehicle Farley had ever been seen driving[,] and testimony indicated that the guns stolen from [a victim's] home were transported in Farley's vehicle. As such the Commonwealth is entitled to the forfeiture of the car because it is derivative contraband.

PCRA Court Opinion and Order, 4/24/07, at 3-4.[2]

On January 11, 2008, following a jury trial, Appellant was found guilty of the charges listed above. On February 14, 2008, he was sentenced to a term of imprisonment of not less than 25 years and not more than 50 years

---

[2] This Court has explained:

> Contraband *per se* is property whose possession is unlawful; derivative contraband is property which is innocent in itself but which has been used in the perpetration of an unlawful act. Property is not derivative contraband, however, merely because it is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity.

**Petition of Koenig**, 663 A.2d 725, 726 (Pa. Super. 1995).

in a state correctional institution. Following denial of post-sentence motions, trial counsel filed a direct appeal to this Court.

On March 13, 2009, while the appeal was pending, Appellant filed a *pro se* PCRA petition. The Commonwealth's motion to dismiss for lack of jurisdiction was granted without prejudice on March 18, 2009.

On March 27, 2009, the trial court appointed PCRA counsel, even though trial counsel continued to represent Appellant as direct appeal counsel. On June 8, 2009, this Court affirmed Appellant's judgment of sentence and granted direct appeal counsel's petition to withdraw.

On April 23, 2010, Appellant filed an amended *pro se* PCRA petition contending his 2008 criminal trial constituted double jeopardy because the criminal charges were litigated by the Commonwealth in the 2007 forfeiture hearing. Appellant subsequently filed a petition for writ of mandamus with our Supreme Court seeking review of his PCRA petition. On January 5, 2011, the Supreme Court closed Appellant's docket stating that the pleadings were not in compliance with Pa.R.A.P. 3304 (Hybrid Representation), which provides that any pleading filed by a litigant who is represented by counsel shall not be docketed but instead shall be forwarded to counsel of record.

On March 8, 2011, PCRA counsel filed a petition for removal of court appointed counsel. On March 24, 2011, the PCRA court ordered appointment of substitute court appointed counsel. Substitute counsel filed

a petition for leave to withdraw on April 29, 2011. By order entered the same day, the petition was granted and Appellant was granted permission to proceed *pro se.*

On January 4, 2012, Appellant filed a *pro se* PCRA petition, which the PCRA court dismissed as time-barred on February 17, 2012. Appellant filed an appeal to this Court. By order dated October 15, 2012, we vacated the PCRA court's order and remanded for appointment of counsel and further proceedings on Appellant's April 23, 2010 PCRA petition. New PCRA counsel was appointed and Appellant filed a motion to remove that counsel. Counsel then filed a motion to withdraw. After the motion to withdraw was denied, Appellant filed a motion to proceed *pro se*. On June 7, 2013, the PCRA court granted Appellant's motion and also granted counsel leave to withdraw.

On June 27, 2013, Appellant filed an amended PCRA petition. On October 17, 2013, the PCRA court gave notice of its intention to dismiss the petition without a hearing and issued an opinion explaining that the petition lacked arguable merit. Appellant filed a response dated November 4, 2013 in which he again asserted his double jeopardy argument, contending his 2008 criminal trial was "a relitigation of the crimes litigated at the forfeiture hearing." Petitioner's Response to Notice of Intent to Dismiss, 11/4/13, at 3. By Order dated November 7, 2013, the PCRA court denied Appellant's petition without a hearing. This timely *pro se* appeal followed.

Appellant asks this Court to consider two issues:

Whether the PCRA [c]ourt's determination to deny Appellant's Petition for Post-Conviction Collateral Relief is supported by Pa. Rules of Criminal Procedure; Pa. Statutory law; and the facts of this case as are established in the certified record.

Is it not ineffective assistance of counsel when the trial counsel is present at both the civil forfeiture hearing that litigates criminal charges against his client and subsequent criminal trial for the same crimes and remains silent as to double jeopardy?

Appellant's Brief at 7.

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. Super. 2007)). Further,

To be entitled to PCRA relief, appellant must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the enumerated errors in 42 Pa.C.S. § 9543(a)(2), his claims have not been previously litigated or waived, and the failure to litigate the issue prior to or during trial, . . . or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

***Id.*** (citation and quotations omitted).

As mentioned above, Appellant couches his first issue in general terms of whether the PCRA court's denial of his PCRA petition is supported by law and the facts of record. From his brief, it is obvious that the first issue he is asking this Court to review is a double jeopardy claim. Contending double jeopardy should have been a bar to his trial on the criminal charges on

which he was convicted, Appellant then argues, in his second issue, ineffectiveness of trial counsel for failing to raise double jeopardy.[3]

Appellant contends the record unequivocally proves that the criminal charges filed against him were litigated and determined in his civil forfeiture proceeding, resulting in a final judgment months before the "criminal trial for the same criminal charges." Appellant's Brief at 7. As such, he argues, he is "entitled, by Constitutional law, to relief on the issue of double jeopardy."

_____

[3] Although Appellant couches his first issue in terms of the appropriateness of the denial of his PCRA petition, he also states that the "sole issue before this Court is that [Appellant] is entitled, by Constitutional law, to relief on the issue of double jeopardy." Appellant's Brief at 14 ("Summary of Argument"). In his Table of Contents, under the heading "Argument," Appellant suggests:

"Criminal charges filed in informations in December, 2006 and January, 2007 were litigated by the Commonwealth in a civil forfeiture proceeding on April 20, 2007. The criminal trial of January 10, 2008, for those same charges would have been foreclosed if trial had been constrained by law. *Pro se* appellant raised issue of double jeopardy in P.C.R.A. petition filed on April 23, 2010. Conviction from criminal trial should be vacated."

Appellant's Brief at i. A double jeopardy claim, in and of itself, is not a cognizable claim under the PCRA. While relief is available if a conviction results from "(i) A violation of the Constitution . . . which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place," under 42 Pa.C.S.A. § 9543(a)(2)(i), we read Appellant's brief to raise an ineffectiveness of counsel claim based trial counsel's ineffectiveness under § 9543(a)(2)(ii) for "silen[ce] as to double jeopardy." Appellant's Brief at 7.

Appellant's Brief at 14.[4] We reject Appellant's assertion that the forfeiture proceeding constituted a "criminal trial for the same criminal charges."

In **Commonwealth v. Trayer**, 680 A.2d 1166 (Pa. Super. 1996), this Court recognized that "[w]hen evaluating a double jeopardy challenge in the context of multiple punishments, the court must find the civil forfeiture indeed constituted a punishment." **Id.** at 1167. In **Trayer**, as in the case before us, the appellant's vehicle was forfeited. The forfeiture proceeding took place prior to Trayer's criminal trial on various drug charges and Trayer did not appeal the order directing forfeiture of his car and his cell phone. Trayer filed a pre-trial motion to dismiss the criminal charges against him, claiming double jeopardy would result if he were tried in the criminal case. The trial court denied the motion and this Court affirmed, agreeing with the trial court that:

> [Trayer's] automobile was forfeited because it was used to facilitate the transportation, possession and concealment of the cocaine that forms the basis of this criminal case, and the cellular phone was forfeited because it was used to facilitate the exchange of the controlled substance, property was forfeitable because it was significantly used in the commission of this alleged drug offense. Prosecuting defendant now on the criminal charge will not subject him to multiple punishment that will violate the Double Jeopardy Clause.

**Trayer**, 680 A.2d at 1167-68 (citations omitted). The **Trayer** Court also found support for its decision in **United States v. Ursery ("Ursery II")**,

---

[4] Further, Appellant notes he is not contesting the PCRA court's failure to grant a hearing. Appellant's Brief at 14.

518 U.S. 267, 274-78 (1996), in which the United States Supreme Court held that "in the history of both common law and statutory forfeiture, as unwaveringly decided by the Court, a civil proceeding designated *in rem,* as opposed to *in personam* [involving penalties such as fines]*,* is remedial and neither punishment nor criminal so as to implicate double jeopardy." *Trayer*, 680 A.2d at 1167, n. 5.

The PCRA court likewise determined that the forfeiture proceedings against Appellant were neither punishment nor criminal and, therefore, did not subject Appellant to double jeopardy. Citing *Ursery II*, the PCRA court determined that the forfeiture proceeding initiated by the Commonwealth against Appellant was an *in rem* proceeding that "was purely civil in nature, void of any punitive penalties." PCRA Court Opinion, 10/17/13 at 9. "The Commonwealth was well within its right to initiate an *in rem* civil forfeiture action prior to prosecuting [Appellant] on criminal offenses stemming from the same events. [Appellant], therefore, cannot claim that he was punished twice for the same offenses." *Id.* at 10. As such, "the issue raised in [Appellant's PCRA] Petition lacks arguable merit [and his] Petition must be denied." *Id.*

We find the PCRA court's ruling is supported by the record and is free of legal error. Appellant is not entitled to relief based on his first issue.

In his second issue, Appellant asserts that trial counsel, who was present for both the civil forfeiture proceeding and the criminal trial, was

ineffective for "fail[ing] to raise the issue of *res judicata* and [remaining] silent with regard to the issue of double jeopardy." Appellant's Brief at 7.

"Counsel is presumed effective, and appellant bears the burden of proving otherwise." **Fears**, 86 A.3d at 804 (citations omitted).

To prevail on an ineffectiveness claim, appellant must establish:

> (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) [appellant] suffered prejudice as a result of counsel's error such that there is a reasonable probability that the result of the proceeding would have been different absent such error. Failure to prove any prong of this test will defeat an ineffectiveness claim.

**Id.** (citations and footnote omitted).

Having concluded that the forfeiture proceeding was civil in nature and did not involve criminal penalties, we find no support for Appellant's contention of trial counsel ineffectiveness. Again, failure to prove any prong of the ineffectiveness test will defeat a claim of ineffectiveness. **Fears**, 86 A.3d at 804. Here, Appellant failed to establish the first prong of the test, *i.e.*, that the underlying claim has arguable merit. "Because the underlying contention lacks arguable merit, Appellant's derivative claim of [] counsel's ineffectiveness necessarily fails." **Commonwealth v. Baumhammers**, 92 A.3d 708, 722, n.7 (Pa. 2014) (citation omitted). Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2014