**UNITED STATES of America,**
**Plaintiff,**

v.

**ONE 2006 TOYOTA CAMRY SOLARA SLE, VIN: 4T1FA38P16U094767,**
**Defendant.**

**Scott Swirling, Claimant.**

**Civil Action No. 13-962 (JDB)**

United States District Court,
District of Columbia.

Signed October 18, 2013

Diane G. Lucas, U.S. Attorney's Office, Washington, DC, for Plaintiff.

Scott Richard Swirling, Washington, DC, pro se.

## MEMORANDUM OPINION & ORDER

John D. Bates, United States District Judge

The United States filed a verified complaint for forfeiture in rem of defendant vehicle, a 2006 Toyota Camry Solara SLE, VIN # 4T1FA38P16U094767, pursuant to 18 U.S.C. § 2428(b)(1)(A), alleging that Scott Swirling used the vehicle to commit or to facilitate the commission of the criminal offense of Travel with Intent to Engage in Illicit Sexual Conduct. Compl. [ECF 1]. Swirling pled guilty to that offense and has been sentenced. United States v. Swirling, Case No. 13-cr-98 (JDB). On June 28, 2013, the United States served Swirling with the notice of forfeiture action and the complaint by certified mail. Ex. A to Pl.'s Mot. for Summ. J. [ECF 7-1]. Swirling then filed a verified claim to the vehicle and an answer to the complaint. Claim G(5)(a) [ECF 5]; Answer [ECF 6]. Now before the Court is [7] the United States' motion for summary judgment. Swirling did not respond to the motion, despite being informed by the Court of the consequences of failing to respond. See 10/2/2013 Order [ECF 8]. Upon consideration of the United States' motion and the entire record herein, the Court will grant summary judgment in favor of the United States.

## FACTS

Pursuant to Local Rule 7(h), "[i]n determining a motion for summary judgment, the court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion." Local Rule 7(h). Here, Swirling did not respond to the United States' motion for summary judgment and thus has not controverted the facts as presented by the United States. The pertinent facts are as follows: Swirling engaged in online conversations with an undercover officer about sexual conduct with a purported underage child. Pl.'s Stmt. ¶¶ 11-16 [ECF 7]. Swirling and the undercover officer agreed to meet at a specific time and location in Washington, D.C. to engage in sexual activity with the purported child. Id. ¶ 17. Swirling was arrested upon his arrival on foot at the agreed-upon location on January 8, 2013. Id. ¶ 20. At that point, Swirling provided the keys to the defendant vehicle to law enforcement agents and indicated where he had parked the vehicle nearby. Id. Swirling is the owner of the vehicle and, at the time of the arrest, was a resident of Maryland. Id. ¶¶ 21, 22. The United States contends that Swirling drove the vehicle from Maryland to the location in D.C., but neglected to include this alleged fact in its statement of material facts. Pl.'s Mem. of P. & A. at 6 [ECF 7] ("[Swirling] lived in Gaithersburg, Maryland and drove to the District of Columbia. He parked the defendant vehicle in close proximity to the agreed-upon location and then walked to the location on foot."). Swirling subsequently pled guilty to one count of Travel with Intent to Engage in Illicit Sexual Conduct in violation of 18 U.S.C. § 2423(b). Pl.'s Stmt. ¶ 7.

## DISCUSSION

### I. Standard of Review

Summary judgment is appropriate when the pleadings and the evidence demonstrate that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there exists a genuine dispute of material fact sufficient to preclude summary judgment, the Court must regard the non-movant's statements as true and accept all evidence and make all inferences

in the non-movant's favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-moving party, however, must establish more than the "mere existence of a scintilla of evidence" in support of its position. Id. at 252, 106 S.Ct. 2505. Moreover, "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Id. at 249–50, 106 S.Ct. 2505 (citations omitted). Summary judgment, then, is appropriate if the non-movant fails to offer "evidence on which the jury could reasonably find for the [non-movant]." Id. at 252, 106 S.Ct. 2505.

## II. Analysis

■ The defendant vehicle is subject to forfeiture if it was "used or intended to be used to commit or to facilitate" the interstate travel of a party with the intent to engage in illicit sexual conduct. See 18 U.S.C. §§ 2428(b)(1)(A), 2423(b). The Civil Asset Forfeiture Reform Act provides for civil forfeiture of property "used to commit or facilitate the commission of a criminal offense" where the United States establishes by a preponderance of evidence "that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(1), (3). A vehicle has a substantial connection to illegal activity where the vehicle is used to transport an individual to the place where the illegal activity is intended to occur. See e.g., United States v. One 2007 Toyota FJ Cruiser, 824 F.Supp.2d 1369, 1377 (N.D.Ga.2011) (vehicle used to transport claimant across state lines for purposes of engaging in illicit sexual activity was substantially connected to criminal offense); United States v. 2001 Lexus LS430, 799 F.Supp.2d 599, 607–08 (E.D.Va.2010) (vehicle used to transport minor across state lines for purposes of illicit sexual activity was substantially connected to criminal offense).

■ Here, the facts and evidence in the record demonstrate that Swirling used the defendant vehicle to transport himself to the place where illegal activity was intended to occur. Swirling lived in Maryland and had explicit conversations with an undercover officer about meeting at a location in D.C. to engage in illicit sexual conduct. Upon Swirling's arrival at the location on foot, he was arrested and gave the officers keys to the defendant vehicle and indicated where he had parked it nearby. The logical inference from Swirling's actions is that he drove the defendant vehicle to the D.C. meeting location. Swirling pled guilty to the offense of Travel with Intent to Engage in Illicit Sexual Conduct and admitted to every factual allegation in the civil forfeiture complaint except he neither admitted nor denied that he drove the defendant vehicle to his meeting with the undercover officer. See Answer ¶ 6. Swirling's equivocal response to this allegation does not create a genuine dispute because there is no plausible factual scenario that Swirling has demonstrated or can demonstrate where the defendant vehicle was not used by him to get to the meeting with the undercover officer. Moreover, because Swirling did not contest this factual allegation in a response to the United States' motion for summary judgment, the Court considers it admitted. See Local Rule 7(h); Fed. R. Civ. P. 56(e)(2). Under these circumstances, the United States has established by a preponderance of evidence that the defendant vehicle had a substantial connection to the criminal offense.

Swirling has not presented any arguments or defenses that permit him to avoid forfeiture of the defendant vehicle. Specifically, the three defenses that Swirling raised in his answer are not affirmative defenses to the forfeiture allegations. See Answer ¶¶ 12-14. And because Swirling failed to respond to the United States'

motion for summary judgment, the Court treats the motion as conceded. See Local Rule 7(b).

Accordingly, because there are no material facts in genuine dispute and there is a sufficient statutory basis for the forfeiture of the defendant vehicle, the Court will grant summary judgment in favor of the United States.

## CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that [7] the United States' motion for summary judgment is **GRANTED**; and it is further

**ORDERED** that the following property is hereby adjudged and decreed **FORFEITED** to the United States to be disposed of in accordance with law:

One 2006 Toyota Camry Solara SLE, VIN: 4T1FA38P16U094767, registered to Scott Swirling, Asset I.D. No. 13-FBI-001499.

The Clerk is hereby directed to send four certified copies of this order to Diane Lucas, Assistant United States Attorney, 555 4th Street, N.W., Room 4822, Washington, DC 20530.

**SO ORDERED.**