# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania :
:
v. : No. 704 C.D. 2014
: Submitted: April 17, 2015
2002 Subaru Impreza :
VIN# JF1GG68552G821124 and :
Nokia Tracphone seized from :
Andrew Glushko :
:
Appeal of: Andrew Glushko :


**BEFORE:** **HONORABLE DAN PELLEGRINI, President Judge**
**HONORABLE P. KEVIN BROBSON, Judge**
**HONORABLE JAMES GARDNER COLINS, Senior Judge**


**OPINION BY JUDGE BROBSON** **FILED: August 19, 2015**


Andrew Glushko (Glushko), *pro se*, petitions for review of an order of the Court of Common Pleas of Monroe County (trial court), dated June 29, 2012, which denied Glushko's motion to vacate a judgment of forfeiture entered on May 18, 2010. For the reasons set forth below, we affirm.

In 2009, Glushko was convicted by a jury of multiple criminal offenses under Chapter 31 of the Crimes Code, 18 Pa. C.S. §§ 3101-3144 (relating to sexual offenses). Following conviction, the Commonwealth, acting through the Office of the District Attorney of Monroe County, filed a petition of forfeiture pursuant to Subchapter C of Chapter 31 of the Crimes Code, 18 Pa. C.S. §§ 3141-3144. Section 3141 of the Crimes Code provides, *inter alia*, that a person convicted of certain offenses under Chapter 31 "may be required to forfeit property rights in any property or assets used to implement or facilitate commission of the

crime or crimes of which the person has been convicted." On May 18, 2010, the trial court granted the Commonwealth's petition for forfeiture directed toward property (a vehicle and a cellular telephone) that Glushko used to perpetrate his crimes. In an unreported memorandum opinion dated May 24, 2012, we affirmed a trial court order that denied Glushko's effort to appeal the forfeiture order *nunc pro tunc*.[1]

Undeterred, on June 28, 2012, Glushko filed with the trial court a motion to vacate the May 18, 2010, forfeiture order. The trial court denied that motion the next day, on June 29, 2012. On or about November 1, 2012, Glushko filed a petition for leave to appeal the order denying his motion to vacate *nunc pro tunc*, which the trial court denied. In an unreported memorandum opinion and order dated December 18, 2013, we vacated that order and remanded the matter to the trial court for further consideration.[2] On remand, the trial court conducted a hearing and granted Glushko leave to file his appeal, *nunc pro tunc*, of the trial court's order denying his motion to vacate, *nunc pro tunc*. That appeal is now before the Court for disposition.

Glushko raises one issue on appeal, that being whether the trial court lacked subject matter jurisdiction to grant the Commonwealth's forfeiture petition in this matter. Glushko argues that the trial court lacked subject matter jurisdiction because forfeiture under Subchapter C, Chapter 31 of the Crimes Code, or sex offense property forfeiture, is an additional punishment foisted upon a person

---

[1] *Commonwealth v. 2002 Subaru Impreza*, (Pa. Cmwlth., No. 1908 C.D. 2011, filed May 24, 2012).

[2] *Commonwealth v. 2002 Subaru Impreza*, (Pa. Cmwlth., No. 448 C.D. 2013, filed Dec. 18, 2013).

convicted of certain crimes under this subchapter. It is, therefore, a proceeding *in personam* that must be decided in the context of the property owner's criminal proceeding or, at least, within the criminal division of the trial court. Here, however, the Commonwealth pursued forfeiture within the trial court's civil division, which Glushko argues was without jurisdiction to decide the matter.

This is a statutory civil forfeiture matter. "Statutory civil forfeiture, as the name suggests, arises by acts of legislatures, state or federal, which ascribe certain criminal character to property, not persons, and provide for their forfeiture to the government." *Commonwealth v. 2010 Buick Enclave VIN #GALRBED8J122029*, 99 A.3d 163, 165-66 (Pa. Cmwlth. 2014), *appeal denied*, 110 A.3d 999 (Pa. 2015). The mere fact that a procedure is described by a rule of criminal procedure (or found in the Crimes Code, 18 Pa. C.S. §§ 101-9101) "does not determine jurisdiction and does not transform the essential character of the *in rem* action of a forfeiture into a criminal proceeding." *In re: One 1988 Toyota Corolla (Blue Two-Door Sedan) PA License TPV291*, 675 A.2d 1290, 1294 (Pa. Cmwlth. 1996).

There is a dearth of appellate case law on the subject of forfeiture under this portion of the Crimes Code. As with all cases of statutory interpretation, we look primarily to the language chosen by the General Assembly to discern its intent.[3] As noted above, Section 3141 of the Crimes Code expressly requires a

---

[3] In all matters involving statutory interpretation, we apply the Statutory Construction Act of 1972, 1 Pa. C.S. §§ 1501-1991. *Commonwealth v. McCoy*, 962 A.2d 1160, 1166 (Pa. 2009). "The object of statutory interpretation is to determine the intent of the General Assembly." *Pa. Dep't of Transp., Bureau of Driver Licensing v. Weaver*, 912 A.2d 259, 264 (Pa. 2006) (citing 1 Pa. C.S. § 1921(a)). The touchstone of statutory interpretation is that where a statute is unambiguous, the judiciary may not ignore the plain language "under the pretext of pursuing its **(Footnote continued on next page…)**

conviction before the Commonwealth may proceed with sex offense property forfeiture under that subchapter. In this respect, sex offense property forfeiture differs from other forms of statutory forfeiture, which do not require a conviction. *See, e.g.*, Sections 6801–6802 of the Judicial Code, commonly known as the Controlled Substances Forfeiture Act, 42 Pa. C.S. §§ 6801–6802; *Commonwealth v. $6,425.00 Seized from Esquilin*, 880 A.2d 523, 530 (Pa. 2005) ("Furthermore, for property to be deemed forfeitable [under the Controlled Substances Forfeiture Act], neither a criminal prosecution nor a conviction is required.").

Glushko contends that because the General Assembly chose to require a conviction in this type of statutory forfeiture, it also intended that petitions seeking sex offense property forfeiture must be brought against the convicted person (*in personam*), and not the property (*in rem*), in a criminal proceeding and before the criminal, and not civil, division of a common pleas court. Based on our reading of Subchapter C, Chapter 31 of the Crimes Code in its entirety, we disagree.

Section 3142 of the Crimes Code provides, in part, that property may be seized by the "court of common pleas having jurisdiction over the *person or*

---

**(continued…)**

spirit," for the language of a statute is the best indication of legislative intent. *Weaver*, 912 A.2d at 264 (quoting 1 Pa. C.S. § 1921(b)). Words and phrases should be construed in accordance with their common and approved usage. 1 Pa. C.S. § 1903(a). When the words of a statute are clear, there is no need to look beyond the plain meaning of a statute. *See, e.g.*, *Commonwealth v. McClintic*, 909 A.2d 1241, 1245 (Pa. 2006) (citing *Sternlicht v. Sternlicht*, 876 A.2d 904, 909 (Pa. 2005), and *Ramich v. Worker's Comp. Appeal Bd. (Schatz Elec., Inc.)*, 770 A.2d 318, 322 (Pa. 2001)). If a statute is deemed ambiguous, however, resort to principles of statutory construction is appropriate. 1 Pa. C.S. § 1921(c); *Commonwealth v. Packer*, 798 A.2d 192, 196 (Pa. 2002).

*property*." (Emphasis added.) Accordingly, the plain language of this section reveals that the General Assembly intended to authorize the Commonwealth to pursue sex offense property forfeiture either against the convicted person or against the property. In addition, Section 3143 of the Crimes Code provides, in part, that the custody of the property seized shall be subject only to "the court of common pleas having jurisdiction over the *criminal or forfeiture proceedings*." (Emphasis added.) The plain language reveals that the General Assembly intended to authorize the Commonwealth to pursue sex offense property forfeiture either as part of the underlying criminal proceeding against the convicted property owner or separately in a civil forfeiture proceeding. Here, the Commonwealth chose to pursue sex offense property forfeiture in a court with jurisdiction over the property, as well as the property's owner, and in a proceeding separate from the criminal proceeding. In so doing, the Commonwealth acted lawfully under Subchapter C, Chapter 31 of the Crimes Code, and the trial court appropriately exercised subject matter jurisdiction over the Commonwealth's petition.[4]

Accordingly, the order of the trial court is affirmed.

_____
P. KEVIN BROBSON, Judge

President Judge Pellegrini concurs in the result only.

---

[4] As for Glushko's specific contention that the trial court lacked subject matter jurisdiction over this matter in its civil division, we note that in courts of common pleas with two or more divisions, each division of the court is "vested with the full jurisdiction of the whole court." 42 Pa. C.S. § 952.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania   :
                                  :
         v.                       :   No. 704 C.D. 2014
                                    :

2002 Subaru Impreza             :
VIN# JF1GG68552G821124 and  :
Nokia Tracphone seized from    :
Andrew Glushko                 :
                                    :
Appeal of: Andrew Glushko     :

## O R D E R

AND NOW, this 19th day of August, 2015, the order of the Court of Common Pleas of Monroe County (trial court), dated June 29, 2012, is hereby AFFIRMED.

_____
P. KEVIN BROBSON, Judge