# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania      :
     :    No. 40 C.D. 2016
     v.      :
     :    Submitted: December 6, 2017
One (1) 1992 Volkswagen Passat    :
GL VIN #WVWFB4310NE257007    :
     :
Appeal of: Jason Kokinda      :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge


## _OPINION NOT REPORTED_

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                     FILED: January 10, 2018


Jason Kokinda (Kokinda) appeals, *pro se*, from the September 18, 2015 order of the Court of Common Pleas of Lehigh County (trial court), which granted the forfeiture petition of the Commonwealth seeking to obtain possession of and title to a vehicle under section 3141 of the Crimes Code, 18 Pa.C.S. §3141. We conclude that the trial court did not err in ordering forfeiture because the vehicle was the means by which Kokinda carried out his plans to meet and have "unlawful contact" with a minor, and it is a fair inference from the evidence that he intended to have sexual contact with the minor in the vehicle, or at least transport the minor to a place where sexual contact would occur. Finding no merit in Kokinda's other arguments, we affirm.

## Background

On November 12, 2009, Kokinda entered a plea of guilty but mentally ill to four counts of unlawful contact with a minor and one count of criminal use of a communication facility,[1] after he engaged in online sexual communications with an individual whom he believed was a 12-year-old minor female, but was actually an undercover agent with the Attorney General's Office.[2]  During the plea, Kokinda admitted that he arrived at the Village West Shopping Center in Allentown, Lehigh County, in a Volkswagen Passat GL (the Vehicle) to meet with a minor female for the purpose of engaging in sexual contact.  Kokinda also admitted that this meeting was prearranged over the internet, and apparently, it was to occur in the Vehicle.  Following his plea of guilty but mentally ill, a trial court sentenced Kokinda to three to seven years' imprisonment.[3]  (Trial court op. at 2.)

On December 17, 2008, the Commonwealth filed a petition seeking forfeiture of the Vehicle.  In his answer, Kokinda conceded that he was the title owner of the Vehicle and that the Vehicle was seized at the Village West Shopping Center on August 15, 2007.  *Id.*  Kokinda further admitted that he intended to meet the minor

---

[1] *See* Sections 6318(a) and 7512 of the Crimes Code, 18 Pa.C.S. §§6318(a), 7512, respectively.

[2] For purposes of the crime of unlawful contact with a minor, a "minor" includes a law enforcement officer posing as a minor. *See* 18 Pa.C.S. §6318(a); *Commonwealth v. Crabill*, 926 A.2d 488, 492 (Pa. Super. 2007).

[3] Although a verdict of guilty but mentally ill could potentially have an impact on the nature of the sentence to be imposed, in all other respects it "is the same as that of a traditional guilty verdict or plea" and "absolves a defendant of none of the consequences owing to him as a result of his guilt." *Miskovitch v. Pennsylvania Board of Probation and Parole,* 77 A.3d 66, 71-72 (Pa. Cmwlth. 2013).

female to "make-out" with her, "meaning [to] kiss and to have [her] masturbate him." (Answer at 2.)

On September 17, 2015, the trial court convened a hearing. The Commonwealth submitted the testimony of Agent Kirk Smith, who stated that on August 15, 2007, at approximately 1:00 p.m., he observed Kokinda enter the Vehicle and travel to a Blockbuster parking lot where Kokinda had previously arranged to meet with the minor female. Agent Smith also presented a Title/Lien Certification packet from the Motor Vehicle Commission of the State of New Jersey, which was certified as containing the true and accurate records of ownership for the Vehicle. According to these documents, Harry Jahnke transferred title to the Vehicle to Kokinda, and Kokinda was the title owner of the Vehicle at the time of the criminal episode. (Trial court op. at 2.)

Kokinda testified that he was not the legal owner of the Vehicle. For support, Kokinda submitted a letter/affidavit from Harry and Renate Jahnke, wherein the two asserted that they are the current legal owners of the Vehicle. Based upon the letter/affidavit, the Jahnkes attested that they entered into an oral agreement with Kokinda in 2007, authorizing him to repair and possibly sell the Vehicle for them. *Id.* at 3.

By order dated September 18, 2015, the trial court granted the Commonwealth's petition, concluding that a sufficient nexus existed between Kokinda's criminal conduct and the Vehicle: "Kokinda arrived in the [Vehicle] to the prearranged meet location in Allentown, specifically the Blockbuster parking lot, which created an inference that the [V]ehicle was used to facilitate the commission of the crime." *Id.* at 4. In so determining, the trial court rejected as not credible Kokinda's

testimony and documentary evidence purporting to establish that he was not the legal owner of the Vehicle.  *Id.* at 3-5.

## **Discussion**

On appeal to this Court,[4] Kokinda asserts that the trial court erred in ordering forfeiture because the evidence was insufficient to establish that the Vehicle was used to facilitate the commission of a crime; his constitutional right to a jury trial was infringed; he is not the legal owner of the Vehicle and is innocent of the underlying criminal offenses; and, finally, the trial court was biased.

### Forfeiture under Section 3141 of the Crimes Code

Kokinda contends that the Commonwealth failed to prove that a sufficient nexus existed between his criminal conduct and the Vehicle.

In pertinent part, section 6138(a) of the Crimes Code states that a person commits the offense of unlawful contact with a minor "if he is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in [prohibited sexual] activity."  18 Pa.C.S. §6138(a).  The term "contact" is defined to include, among other acts, "[d]irect or indirect contact or communication by any means . . . including contact or communication in person."  Section 6318(c) of the Crimes Code, 18 Pa.C.S. §6318(c).

Pursuant to section 3141 of the Crimes Code, an individual convicted of unlawful contact with a minor forfeits property rights in objects that facilitated the commission of the crime.  18 Pa.C.S. §3141.  This section provides:

---

[4] By order dated January 20, 2016, the Superior Court transferred the appeal to this Court.

A person:

*     *     *

> may be required to **forfeit property rights in any property or assets used to implement or facilitate commission of the crime** or crimes of which the person has been convicted. **Such property may include**, but is not limited to, a computer or computers, telephone equipment, firearms, licit or illicit prescription drugs or controlled substances, **a motor vehicle** or such other property or assets **as determined by the court of common pleas to have facilitated the person's criminal misconduct.**

18 Pa.C.S. §3141 (emphasis added).[5, 6]

Based upon the plain language of section 3141 of the Crimes Code, the Commonwealth must prove that the Vehicle "facilitated" the crime of unlawful contact with a minor. Out of concern that the term "facilitate" may be interpreted too broadly, Pennsylvania's appellate courts (along with many other jurisdictions) have defined that term in forfeiture statutes to require that the Commonwealth demonstrate a "sufficient or substantial nexus" between the property and the prohibited activity. *Commonwealth v. 502-504 Gordon Street*, 607 A.2d 839, 843 (Pa. Cmwlth. 1992), *aff'd*, 636 A.2d 626 (Pa. 1994) (citing *Commonwealth v. One 1985 Dark Blue Mercedes Benz Car*, 571 A.2d 482, 485 (Pa. Super. 1990)).

---

[5] The fact that this statute expressly authorizes forfeiture distinguishes the present matter from *Commonwealth v. Irland*, 153 A.3d 469, 486 (Pa. Cmwlth. 2017) (en banc), *appeal granted*, __ A.3d __, (Pa., No. 97 MAL 2017, filed July 18, 2017). In that case, this Court held that common law forfeiture does not exist in Pennsylvania and that forfeiture is legally viable only to the extent that there is explicit statutory authority.

[6] Somewhat recently, this Court pointed out that "[t]here is a dearth of appellate case law on the subject of forfeiture under this portion of the Crimes Code." *Commonwealth v. 2002 Subaru Impreza*, 122 A.3d 1196, 1198 (Pa. Cmwlth. 2015). This observation remains true as of the date of this opinion.

Here, the Vehicle was the means by which Kokinda was able to travel to and meet with a minor female for the unlawful purpose of engaging the minor in prohibited conduct of a sexual nature. Although this case appears to present a novel factual situation for purposes of section 3141 of the Crimes Code, the courts' interpretation and application of similar language in analogous forfeiture statutes provides us with ample guidance.

In particular, the federal district courts have interpreted and applied the Civil Asset Forfeiture Reform Act of 2000 (Reform Act),[7] which sanctions the forfeiture of property that is used to "facilitate the commission of a criminal offense" when the government establishes "a substantial connection between the property and offense." 18 U.S.C. §983(c)(1), (3). Importantly, these courts have determined under what circumstances a vehicle can be forfeited when it is used in connection with a violation of what is known as the Prosecutorial Remedies and Other Tools to End the Exploitation of Children Today Act (Child Exploitation Act), making it illegal for one to travel in interstate commerce "for the purpose of engaging in any illicit sexual conduct with another person." 18 U.S.C. §2423(b). In accordance with established case law throughout the circuit courts of appeals,[8] the federal district courts applying

_____

[7] Pub.L. No. 106-185, 114 Stat. 202, codified in part at 18 U.S.C. §983.

[8] In interpreting the term "facilitate" in drug forfeiture statutes that operate similar to section 3141 of the Crimes Code, the federal courts of appeals have construed that term to require the government to prove a substantial or sufficient nexus/connection, akin to Pennsylvania's appellate courts, and have held that a vehicle is forfeitable when its sole connection to the crime is its use in transporting a buyer and/or seller to the actual scene of a drug transaction. More specifically, the courts have concluded that a substantial or sufficient nexus exists between a vehicle and a drug transaction when the defendant drives to the site of the drug transaction, regardless of whether contraband was carried in the vehicle or whether the crime was committed within the vehicle. *See, e.g.*, *United States v. One 1984 Cadillac*, 888 F.2d 1133, 1137-38 (6th Cir. 1989) (discussing and collecting cases) ("A review of relevant case law demonstrates that use of a vehicle only for

these statutory provisions have concluded that "[a] vehicle has a substantial connection to illegal activity where the vehicle is used to transport an individual to the place where the illegal activity is intended to occur," i.e., the sexual conduct. *United States v. One 2007 Toyota FJ Cruiser, VIN JTEBU11F670023522*, 824 F. Supp. 2d 1369, 1377 (N.D. Ga. 2011).

In *One 2007 Toyota FJ Cruiser*, the defendant arranged to meet an undercover officer who was posing as a minor in order to engage in illicit sexual contact. The defendant drove from Tennessee to Georgia and the law enforcement authorities stopped him when he pulled into the place of the arranged meet. The court concluded that the government established that the vehicle had "a substantial connection to the illicit sexual activity" and, therefore, was forfeitable. *Id.* The court

---

transportation to the site of an illegal transaction has been held sufficient to warrant forfeiture, even under the 'substantial connection' standard."); *United States v. One 1979 Porsche Coupe*, 709 F.2d 1424, 1426-27 (11th Cir. 1983) ("[I]t is not necessary for the subject vehicle either to have transported the illegal substance (or the purchase money) or to have served as the location for the transaction."); *United States v. One 1977 Cadillac Coupe deVille*, 644 F.2d 500, 503 (5th Cir. 1981) ("We conclude such use of the vehicle to *transport* the dealer to the scene forms a sufficient nexus between the vehicle and the transaction to validate forfeiture . . . .") (emphasis added); *see also United States v. 1990 Toyota 4Runner*, 9 F.3d 651, 651-52 (7th Cir. 1993).

In *Commonwealth v. One 1979 Lincoln Four Door Sedan*, 496 A.2d 397 (Pa. Super. 1985), the Superior Court affirmed the forfeiture of a vehicle where the causal connection between the vehicle and the crime was much more tenuous than the above decisions of the federal courts of appeals. In that case, the vehicle was used to bring food to workers at an illicit methamphetamine lab, and the Superior Court determined that the food allowed "the process to continue without interruption." *Id.* at 400. Ultimately, the Superior Court concluded that, although no drugs or drug paraphernalia were found in the vehicle or on its driver, the automobile, by virtue of being the device to deliver food, "had a sufficient nexus with the drug manufacturing so as to justify application of the forfeiture provision under 'The Controlled Substance, Drug, Device and Cosmetic Act,' [Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§780-101—780-144 (Drug Act)]." *One 1979 Lincoln Four Door Sedan*, 496 A.2d at 401.

Through analogical reasoning, these decisions offer strong support for the conclusions of the federal district courts with respect to the Reform Act and Child Exploitation Act.

reached this conclusion even though the minor had never entered the vehicle and no sexual contact had occurred between the defendant and the minor.

Likewise, in *United States v. One 2006 Toyota Camry Solara SLE*, 181 F. Supp. 3d 75 (D.D.C. 2013), the court addressed the following factual pattern:

> Here, the facts and evidence in the record demonstrate that [the defendant] used the vehicle to transport himself to the place where illegal activity was intended to occur. [The defendant] lived in Maryland and had explicit conversations with an undercover officer about meeting at a location in D.C. to engage in illicit sexual conduct. Upon [the defendant's] arrival at the location on foot, he was arrested and gave the officers keys to the vehicle and indicated where he had parked it nearby. The logical inference from [the defendant's] actions is that he drove the vehicle to the D.C. meeting location. [The defendant] pled guilty to the offense of Travel with Intent to Engage in Illicit Sexual Conduct.

*Id.* at 77. On these facts, the court concluded that the government "ha[d] established by a preponderance of evidence that the vehicle had a substantial connection to the criminal offense," *id.*, and ordered that the vehicle be forfeited.

Although the decisions of the federal courts are not binding on this Court, they nonetheless provide persuasive guidance in this matter. Like Pennsylvania's appellate courts, the decisions of the federal courts interpret "facilitate" in statutory forfeiture provisions to require a showing that there be a sufficient or substantial nexus/connection between the property and the criminal conduct. *See supra* note 7. While 18 U.S.C. §2423(b) requires a showing of interstate travel as part of the element of the crime, the gist of the crime itself, similar to unlawful contact with a minor, is the act of traveling to meet a minor with the intent of engaging the minor in illegal contact of a sexual nature. Undoubtedly, there can be no meaningful distinction between the situation where one travels via a vehicle thirty yards across a state boundary to meet a minor for purposes of 18 U.S.C. §2423(b), and where one travels via a vehicle across

the entire Commonwealth to meet and have "contact" with the minor under section 6138 of the Crimes Code.  In both instances, it is the vehicle that is the apparatus that permits the defendant to meet the minor in person, regardless of whether one transverses an imaginary line or not.  Therefore, under the specific facts of this case, Kokinda's conduct made transportation essential to the offense itself because he chose to meet and make "contact" with the minor by traveling in the Vehicle to the parking lot, the situs of the prearranged meet and completion of the crime.

As these federal cases establish, if a defendant drives a vehicle to the place where and/or in which the defendant **intends** the illegal activity to occur, that is, to meet for illicit sexual contact with a minor, then a substantial nexus exists between the two and the vehicle can be forfeited.  Further, it is not necessary, in order to establish a sufficient nexus, that the intended illegal conduct occur inside the vehicle.  Indeed, this case is materially indistinguishable from *One 2007 Toyota FJ Cruiser* and *One 2006 Toyota Camry Solara SLE*, and adherence to that case law would dictate that this Court uphold the forfeiture of the Vehicle.  In any event, the facts of record, and the inferences therefrom, evidence a potentially greater connection between the Vehicle and the crime than the scenarios presented in the decisions of the federal district courts.

Notably, the crime of unlawful contact with a minor is predominately one of purpose and/or intent, which is typically a matter of inference to be gleaned from the circumstances of the case.  *See Commonwealth v. Reed*, 9 A.3d 1138, 1146 (Pa.

9

2010);[9] *Commonwealth v. Holley*, 945 A.2d 241, 247 (Pa. Super. 2008).[10]  Here, Kokinda made arrangements via his computer to meet the minor female – and did in fact meet her – at a shopping mall, specifically a Blockbuster parking lot, in the middle of the day, where the "contact" or, at the very least, the attempted "contact" occurred. (Notes of Testimony (N.T.) at 14-16.)[11]  The purpose of the meeting was for Kokinda

---

[9] As the *Reed* court explained:  "[A] defendant need not be successful in completing the purpose of his communication with a minor in order to be found guilty of §6318(a).  For example, the actual rape of a child is not an element of the crime under §6318(a); rather a defendant is guilty if he *contacts* a minor for the purpose of engaging in that prohibited behavior."  *Reed*, 9 A.3d at 1146 (emphasis in original).

[10] The court stated:

> An intent is a subjective frame of mind, it is of necessity difficult of direct proof.  We must look to all the evidence to establish intent, including, but not limited to, appellant's conduct as it appeared to his eyes.  Intent can be proven by direct or circumstantial evidence; it may be inferred from acts or conduct or from the attendant circumstances.

*Holley*, 945 A.2d at 247.

[11] To the extent that one may question whether Kokinda's plea to four counts of unlawful contact with a minor involved his appearance at the parking lot and whether the vehicle was relevant to the commission of the underlying offenses, these issue were never raised below, and they are not raised before this Court.  Thus, they are waived and cannot serve as a ground for reversing the trial court. *Commonwealth v. Colavita*, 993 A.2d 874, 891 (Pa. 2010) ("It is a settled principle of appellate review, of course, that courts should not reach claims that were not raised below. . . . This Court has consistently held that an appellate court cannot reverse . . . on a basis that was not properly raised and preserved by the parties.").

Regardless, given the record in this case, this Court, like the parties and the trial court below, must proceed on the assumption that Kokinda was in fact convicted of unlawful contact with a minor for driving to the prearranged location.  First, the criminal docket sheet shows that Kokinda pled guilty to unlawful contact with a minor for conduct occurring on August 15, 2007, the date on which he drove to the prearranged location and was arrested by the police. (Criminal Docket Sheet, at 1.) Second, in upholding the validity of Kokinda's guilty plea and the sufficiency of the admitted facts in relation to the crimes charged, the criminal trial court concluded that Kokinda's conduct in driving

to the location of the meeting established that he committed unlawful contact with a minor, and the Superior Court affirmed this decision. *See Commonwealth v. Kokinda*, (Pa. Super., No. 2687 EDA 2012, filed December 13, 2013) (unpublished memorandum adopting the trial court opinion at n.28) ("*Kokinda*"). Quite significantly, this Court lacks legal authority to second-guess the wisdom of Kokinda's guilty plea, or question the sufficiency of the evidence to support the crimes to which he admitted guilt, *see Commonwealth v. Rounsley*, 717 A.2d 537, 538-39 (Pa. Super. 1998). Accordingly, we will not speculate with respect to the factual bases that constituted Kokinda's plea, especially considering that the issue was never raised, the criminal trial court and the Superior Court have already settled the issue, and there is nothing in the record to suggest that the guilty plea to all four counts of unlawful contact with a minor pertained to an instrumentality other than the vehicle.

We do note, however, that pursuant to Pennsylvania law, Kokinda's presence at the parking lot to meet the minor is the final act that completes an independent count and crime of attempted unlawful contact with a minor, and the Vehicle was the apparatus that transported Kokinda to the parking lot to meet the minor. Our Supreme Court and trial courts have held that a defendant commits criminal attempt to commit unlawful contact with a minor where the defendant engaged in sexually illicit internet communications, made plans to meet a police officer pretending to be a minor, and was immediately arrested upon arriving in a vehicle at the prearranged location. *See Commonwealth v. Reed*, 9 A.3d 1138, 1140-41 (Pa. 2010) (affirming attempted unlawful contact with a minor conviction where the defendant had an internet conversation with an undercover officer, made plans to meet the officer in the parking lot of a doughnut shop, and the defendant was arrested while he was in his truck in the parking lot waiting for the minor); *Commonwealth v. Bakth*, (Westmoreland Cnty., No. 1745 Criminal, 2005, filed April 27, 2006) (C.P. 2006), slip op. at 3 (unpublished), available at 2006 Pa. Dist. & Cnty. Dec. Lexis 35; *see also Commonwealth v. Jacob*, 867 A.2d 614, 619 (Pa. Super. 2005). Aside from the fact that an attempted crime involves a substantial step toward a crime, rather than its full and completed commission, there is no meaningful distinction (at least for present purposes) between the attempted and completed crime. Generally, in Pennsylvania, "the General Assembly has authorized convictions for attempt crimes, no less than for completed crimes," *Commonwealth v. Sims*, 919 A.2d 931, 942 (Pa. 2007); criminal attempt is a "crime[] of the same grade and degree as the most serious offense which is attempted," section 905(a) of the Crimes Code, 18 Pa.C.S. §905(a); and, because criminal attempt is a lesser-included offense of the substantive or completed crime, a defendant can be found guilty of the attempted crime even when he or she is charged only with the substantive or completed crime, *Sims*, 919 A.2d at 939-42. Codifying these principles, section 3141 of the Crimes Code and the pertinent sections of the Judicial Code authorize forfeiture in the case for unlawful contact with a minor in both its completed and attempted forms. *See* 18 Pa.C.S. §3141(2) (stating that forfeiture is applicable to offense that require registration of sexual offenders); section 9799.14(c)(5), (8) of the Judicial Code, 42 Pa.C.S. §9799.14(c)(5), (8) (stating that the crime of unlawful contact with a minor, and "attempt, conspiracy or solicitation to commit" the crime of unlawful contact with a minor, are sex offenses requiring the offender to register with the Pennsylvania State Police). Therefore, irrespective of whether Kokinda had actual "contact" with the

11

and the minor to engage in sexual conduct. (N.T. at 8-9.) From these facts, the trial court could reasonably infer that Kokinda intended to have sexual contact with the minor in the Vehicle, or at least intended to drive the minor to some other place where the sexual contact would occur. This inference, in turn, strengthens the connection between the Vehicle and the crime because the Vehicle was the intended means by which Kokinda would transport the minor. Therefore, we conclude that the trial court, as fact-finder, did not err or commit an abuse of discretion in determining that there was a significant or substantial connection between the Vehicle and the crime of unlawful contact with a minor.[12]

Right to Jury Trial

Kokinda argues that he was denied his right to a jury trial under article I, section 6 of the Pennsylvania Constitution,[13] and that a jury should have determined who was the lawful owner of the Vehicle.

Under our Constitution, there is a right to a jury trial in an *in rem* statutory forfeiture proceeding when there are material issues of fact to be resolved. *See*

---

minor at the Blockbuster parking lot, or, as a direct result of his intervening arrest, only "attempted" to have had physical "contact" with the minor, our result would remain the same.

[12] Kokinda does not raise an excessive fines issue under the Eighth Amendment, U.S. CONST. amend. VIII, and this is solely a matter of statutory forfeiture. In any event, for the reasons already stated, we would conclude that the strength of the nexus that the Commonwealth has established here is sufficient to render the vehicle an "instrumentality" for purposes of the excessive fines clause. *See Commonwealth v. 1997 Chevrolet*, 160 A.3d 153, 184 (Pa. 2017) ("The instrumentality requirement [of the Eighth Amendment] necessitates the establishment of a 'significant relationship' between the offense and the property sought to be forfeited."); *id.* at 183 n.23 (noting the overlap between the "significant relationship" requirement of the instrumentality test, the courts' "substantial nexus" test, and the term "facilitate" in the Drug Act); *Commonwealth v. Wingait Farms*, 690 A.2d 222, 227 & n.6 (Pa. 1997); *Commonwealth v. Trayer*, 680 A.2d 1166, 1167-68 (Pa. Super. 1996); *see also In re $137,325.00*, 204 So.3d 317, 324-25 (Miss. Ct. App. 2016); *People v. 2010 Harley-Davidson*, 64 N.E.3d 716, 724-25 (Ill. Ct. App., 5th Dist., 2016).

[13] PA. CONST. art. I, §6.

*Commonwealth v. One (1) 1984 Z-28 Camaro Coupe*, 610 A.2d 36, 41 (Pa. 1992). In *Commonwealth v. Real Property and Improvements at 2338 N. Beechwood Street*, 65 A.3d 1055 (Pa. Cmwlth. 2013) (en banc), this Court held that Pa.R.C.P. No. 1007.1, governing waiver of the right to a jury trial, does not apply in forfeiture proceedings. 65 A.3d at 1065. However, our Supreme Court concluded otherwise and vacated our decision. *Commonwealth v. Real Property and Improvements at 2338 N. Beechwood Street*, 114 A.3d 1036 (Pa. 2015) (per curiam order) (citing *Commonwealth v. All that Certain Lot or Parcel of Land Located at 605 University Drive*, 104 A.3d 411 (Pa. 2014)). Therefore, according to our Supreme Court, Pa.R.C.P. No. 1007.1 is applicable to statutory forfeiture proceedings.

In relevant part, Pa.R.C.P. No. 1007.1 provides:

> In any action in which the right to jury trial exists, that right shall be deemed waived unless a party files and serves a written demand for a jury trial not later than twenty days after service of the last permissible pleading. The demand shall be made by endorsement on a pleading or by a separate writing.

Pa.R.C.P. No. 1007.1(a).

Here, Kokinda did not demand a jury trial in any of his pleadings or pre-trial filings. Consequently, under Pa.R.C.P. No. 1007.1(a), Kokinda waived his right to a jury trial. *See Jones v. Van Norman*, 522 A.2d 503, 509 (Pa. 1987) (concluding that under Pa.R.C.P. No. 1007.1(a), the defendants waived their right to a jury trial when their demand for a jury trial was first asserted in their pre-trial memorandum, which was filed more than 20 days after the last permissible pleading).

Remaining Arguments

13

Kokinda argues that the Title/Lien Certification packet does not constitute incontrovertible evidence of legal ownership. Even if this were so, in a forfeiture case where the trial court conducts a bench trial, the trial court is the fact-finder and has the power to weigh the evidence, make credibility determinations, and draw any reasonable inferences from the evidence. *Commonwealth v. $9,000.00 U.S. Currency*, 8 A.3d 379, 383 n.6 (Pa. Cmwlth. 2010). Here, the trial court rejected Kokinda's affidavit and testimony and accepted the documents in the Title/Lien Certification packet. The documents, coupled with the fact that Kokinda exercised possession and control over the Vehicle, are sufficient evidence to establish that Kokinda was the legal owner of the Vehicle. *See Commonwealth v. One 1988 Suzuki Samurai*, 589 A.2d 770, 773 (Pa. Cmwlth. 1991) (stating that to be the legal owner of a vehicle, the "owner must have a possessory interest in the property with attendant characteristics of dominion and control."); *cf. Strand v. Chester Police Department*, 687 A.2d 872, 876-77 (Pa. Cmwlth. 1997).

Kokinda further asserts that he should have been permitted to prove his innocence in the underlying criminal matter at the forfeiture hearing. To the contrary, section 3141 of the Crimes Code only requires that the Commonwealth prove that an individual has been "convicted" of an enumerated crime. *See* 18 Pa.C.S. §3141; *Commonwealth v. 2002 Subaru Impreza*, 122 A.3d 1196, 1198 (Pa. Cmwlth. 2015) ("Section 3141 of the Crimes Code expressly requires a conviction before the Commonwealth may proceed with sex offense property forfeiture under that subchapter."). Here, the record demonstrates that Kokinda pled guilty to four counts of unlawful contact with a minor. Because the validity of Kokinda's convictions are not at issue in the forfeiture proceedings, and the Commonwealth need only prove that a conviction has occurred, Kokinda cannot collaterally attack the validity of his guilty

14

plea during the forfeiture proceedings. *See also Piasecki v. Department of Transportation, Bureau of Driver Licensing*, 6 A.3d 1067, 1071 (Pa. Cmwlth. 2010) (stating that, in a licensee suspension case, the Department need only submit proof that the licensee was convicted and reiterating that the licensee may not collaterally attack an underlying criminal conviction in a license suspension proceeding); *J.G. v. Department of Public Welfare*, 795 A.2d 1089, 1093 (Pa. Cmwlth. 2002); *supra* note 10. We note that the Superior Court has affirmed the criminal trial court's order denying Kokinda's petition under the Post-Conviction Relief Act (PCRA),[14] and the PCRA is "the sole and exclusive vehicle through which collateral relief from a conviction or sentence may be obtained," *Commonwealth v. Lantzy*, 736 A.2d 564, 568 (Pa. 1999). *See Commonwealth v. Kokinda*, (Pa. Super., No. 2687 EDA 2012, filed December 13, 2013) (unpublished memorandum).

Finally, Kokinda advances an array of accusations against the trial court and, in general, contends that the trial court acted in a fraudulent and biased manner. (*See* Brief for Kokinda at 21-24.) We have thoroughly reviewed the record and conclude that these assertions are baseless. An examination of the notes of testimony demonstrates that Kokinda was provided with a full and fair opportunity to present his defense, and the fact that the trial court ruled against him is markedly insufficient to establish the requisite bias warranting recusal. *Commonwealth v. Abu-Jamal*, 720 A.2d 79, 90 (Pa. 1998). As such, we conclude that Kokinda's arguments are meritless.

## Conclusion

Based on the foregoing, we conclude that the Commonwealth adduced sufficient evidence to establish that Kokinda's use of the Vehicle "facilitated," or had

---

[14] 42 Pa.C.S. §§9541-9546.

a sufficient or substantial nexus to, the crime of unlawful contact with a minor. We further conclude that Kokinda's remaining assertions of error do not merit relief.

Accordingly, we affirm the trial court's order granting the Commonwealth's forfeiture petition.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Wojcik dissents.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :

                                :    No. 40 C.D. 2016

                v.               :

                                  :

One (1) 1992 Volkswagen Passat    :

GL VIN #WVWFB4310NE257007    :

                                  :

Appeal of: Jason Kokinda          :

## *ORDER*

AND NOW, this 10th day of January, 2018, the September 18, 2015 order of the Court of Common Pleas of Lehigh County is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
    v.    :  No. 40 C.D. 2016
    :  Submitted: December 6, 2017
One (1) 1992 Volkswagen Passat    :
GL VIN #WVWFB4310NE257007    :
    :
Appeal of: Jason Kokinda    :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY PRESIDENT JUDGE LEAVITT          FILED: January10, 2018

The Commonwealth did not establish a nexus between the vehicle Jason Kokinda used to drive to the point of his arrest and the specific crimes for which he was convicted. The majority covers for the insufficiencies in the Commonwealth's case by the use of unfounded assumptions and inferences from a very sparse record. Respectfully, I must dissent.

Kokinda was convicted of unlawful contact with a minor, a crime that occurs when an individual "is intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor, for the purpose of engaging in [unlawful sexual] activity." 18

Pa. C.S. §6318(a).[1]  For purposes of Section 6318 of the Crimes Code, "contacts" are defined as

> [d]irect or indirect contact or communication by any means, method or device, including contact or communication *in person or through* an agent or agency, through any print medium, the mails, a common carrier or communication common carrier, *any electronic communication system* and any telecommunications, wire, computer or radio communications device or system.

18 Pa. C.S. §6318(c) (emphasis added).  In short, the unlawful contact can take place in person or by any communicative device.

Kokinda's contacts took place online with a law enforcement officer pretending to be a child.  Accordingly, Kokinda was also convicted of criminal use

---

[1] The crime of unlawful contact with a minor is defined as follows:

(a)   Offense defined.**--**A person commits an offense if he is *intentionally in contact with a minor, or a law enforcement officer acting in the performance of his duties who has assumed the identity of a minor*, for the purpose of engaging in an activity prohibited under any of the following, and either the person initiating the contact or the person being contacted is within this Commonwealth:

(1)   Any of the offenses enumerated in Chapter 31 (relating to sexual offenses).

(2)   Open lewdness as defined in section 5901 (relating to open lewdness).

(3)   Prostitution as defined in section 5902 (relating to prostitution and related offenses).

(4)   Obscene and other sexual materials and performances as defined in section 5903 (relating to obscene and other sexual materials and performances).

(5)   Sexual abuse of children as defined in section 6312 (relating to sexual abuse of children).

(6)   Sexual exploitation of children as defined in section 6320 (relating to sexual exploitation of children).

18 Pa. C.S. §6318(a) (emphasis added).

of a communication facility to attempt a felony. 18 Pa. C.S. §7512(a).[2] It was Kokinda's crime of unlawful contact with a minor that triggered the criminal forfeiture petition filed by the Commonwealth under 18 Pa. C.S. §3141.[3] The question is whether the Commonwealth proved that Kokinda used the vehicle to implement or facilitate his unlawful contact with a minor.

The majority incorrectly assumes that "traveling" is part of Pennsylvania's crime of unlawful contact with a minor, stating that "the Vehicle was

---

[2] Criminal use of a communication facility is defined as follows:

(a) Offense defined.--A person commits a felony of the third degree if that person *uses a communication facility to commit, cause or facilitate the commission or the attempt thereof of any crime which constitutes a felony* under this title or under the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act. Every instance where the communication facility is utilized constitutes a separate offense under this section.

18 Pa. C.S. §7512(a) (emphasis added).

[3] The version of Section 3141 applicable in this case stated:

A person:

(1) convicted under section 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault), 3125 (relating to aggravated indecent assault) or 3126 (relating to indecent assault); or

(2) *required to register with the Pennsylvania State Police under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders)*;

may be required to forfeit property rights in any property or assets used to implement or facilitate commission of the crime or crimes of which the person has been convicted. Such property may include, but is not limited to, a computer or computers, telephone equipment, firearms, licit or illicit prescription drugs or controlled substances, a motor vehicle or such other property or assets as determined by the court of common pleas to have facilitated the person's criminal misconduct.

18 Pa. C.S §3141 (emphasis added). Section 3141 was amended by the Act of June 29, 2017, P.L. 247, effective July 1, 2017. Unlawful contact with a minor is an offense that requires registration as a sexual offender.

the means by which Kokinda was able to travel to and meet with a minor female for the unlawful purpose of engaging the minor in prohibited conduct of a sexual nature." Majority, slip op. at 6. Simply, "traveling" is not an element of the crime defined in 18 Pa. C.S. §6318 of which Kokinda was convicted.

The majority's theory rests upon a federal statute, 18 U.S.C. §2423(b), which prohibits the transportation of minors in interstate commerce for illicit sexual activity. "Traveling" is an element of the federal crime. Indeed, Congress' authority to enact this criminal statute required a connection to the regulation of interstate commerce. However, neither the federal statute nor cases decided thereunder have any bearing on what is meant by unlawful "contact with a minor" under the Pennsylvania Crimes Code. The majority tries to paper over this gap by stating that "the gist" of the federal and state crimes is "the act of traveling to meet a minor." Majority, slip op. at 9. This attempt must fail because the Pennsylvania Crimes Code contains no reference to traveling.[4]

Kokinda's conviction for unlawful contact with a minor was based on his internet contact with a law enforcement officer posing as a minor for the purpose of engaging in illegal sexual activity. That crime was complete before Kokinda entered the vehicle to drive to the designated meeting place. Allowing him to drive to the parking lot may have facilitated his arrest, but the police could have arrested him at his place of business or at his home. The vehicle was irrelevant to the commission of Kokinda's underlying offense because no criminal act occurred in the parking lot. The Commonwealth presented zero evidence that Kokinda physically met either a minor or an officer posing as a minor when he arrived there.

---

[4] Rather, the examples of "contact" provided by the legislature principally involve methods of interpersonal communication. 18 Pa. C.S. §6318(c).

MHL-4

There is nothing in the record to support the majority's suggestion that Kokinda admitted the meeting "was to occur in the Vehicle." Majority, slip op. at 2. Kokinda was "in contact with" a supposed minor only via his computer.[5] His use of the vehicle to travel to the point of his arrest did not "implement" or "facilitate" the crime of unlawful contact with a minor or the crime of unlawful use of a communication facility. 18 Pa. C.S. §3141.

The majority states that the Court "must proceed on the assumption that Kokinda was in fact convicted of unlawful contact with a minor for driving to the prearranged location." Majority, slip op. at 10 n.10. By invoking this assumption, the majority relieves the Commonwealth of its burden to establish the factual basis of Kokinda's criminal convictions and then relate those convictions to the vehicle. If the majority is correct, then Kokinda's charging document would have matched Kokinda's conduct to his convictions. The Commonwealth chose not to present either the charging document or Kokinda's guilty plea colloquy. The majority errs by relying upon an assumption instead of record evidence.

In any event, the majority's assumption is itself flawed. The majority bases its assumption in part on the trial court's criminal docket sheet, which is not in the certified record but can be obtained by search of public records.[6] The docket sheet showed that Kokinda pled guilty to unlawful contact with a minor for conduct occurring on August 15, 2007, *i.e.*, the day he was arrested. The majority assumes

---

[5] The computer Kokinda used to commit unlawful contact with a minor would be forfeitable under Section 3141. 18 Pa. C.S. §3141. This is the type of forfeiture contemplated by Section 3141, and it comports with the goal of preventing future criminal activity by depriving the perpetrator of the instrumentality of his crime.

[6] This docket sheet can be found through the AOPC's public web portal. It should not be the job of an appellate court to search for a document that the Commonwealth should have entered into the record as part of its case.

that because he drove to the place of his arrest, the vehicle was part of the crime. However, the docket sheet also shows that Kokinda pled guilty to criminal use of a communication facility for conduct on that same day. The unlawful contact charge was more likely related to Kokinda's online communication with the supposed minor, the only means of his unlawful contact.[7] In any event, the debate over the significance of the docket sheet illustrates why the Commonwealth bears the burden in forfeiture cases to connect the seized property to the crime. The Commonwealth utterly failed to carry its burden here.[8]

The majority also draws unwarranted inferences from the Superior Court's memorandum opinion in *Commonwealth v. Kokinda*, (Pa. Super., No. 2687 EDA 2012, filed December 13, 2013), 2013 WL 11248504, which adopted the trial court's opinion denying Kokinda's petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§9541 – 9546. The majority asserts that the PCRA court "concluded that Kokinda's conduct in driving to the location of the meeting established that he committed unlawful contact with a minor, and the Superior Court affirmed this decision." Majority, slip op. at 11 n.10. The only part of the majority's

---

[7] The majority states that "there is nothing in the record to suggest that the guilty plea to all four counts of unlawful contact with a minor pertained to an instrumentality other than the vehicle." Majority, slip op. at 11 n.10. I disagree. Two of the charges of unlawful contact with a minor pertain to conduct before Kokinda's arrest on August 15, 2007, and two others, along with the charge of criminal use of a communication facility, pertain to conduct on August 15, 2007. This at least *suggests* that the unlawful contact occurred via Kokinda's computer.

[8] It bears noting that under the Act of June 29, 2017, P.L. 247 ("Act 13"), the Commonwealth must now establish "by clear and convincing evidence that the property in question was unlawfully used, possessed or otherwise subject to the forfeiture." 42 Pa. C.S. §5805(j)(3). By raising the Commonwealth's burden of proof, the legislature has signaled its intent to protect the rights of owners of property subject to forfeiture by prohibiting the Commonwealth from "phoning in" its case.

statement that is accurate is that the Superior Court affirmed the denial of collateral relief.[9] Because Kokinda's guilty plea colloquy is not of record, there is no foundation for the majority's claim that Kokinda committed unlawful contact with a minor by driving to his arrest.

Finally, the majority asserts that Kokinda's presence at the parking lot to meet the minor completed "an independent count and crime of attempted unlawful contact with a minor, and the Vehicle was the apparatus[.]" Majority, slip op. at 11 n.10. The majority reasons that because criminal attempt is a lesser-included offense of the completed crime, and because forfeiture is authorized for both, his vehicle is forfeitable whether he had actual "contact" or only attempted to do so. I agree only with the lesser-included offense analysis. However, Kokinda was neither charged with nor convicted of *attempted* unlawful contact with a minor. *See* 18 Pa. C.S. §§901, 905 (defining and grading criminal attempt). Perhaps this was an oversight by the district attorney. In any event, because this is a criminal forfeiture case, Kokinda had to be convicted of attempted unlawful contact with a minor to justify the forfeiture of any property related to that crime. Simply, the cases cited by the majority on the offense of attempted unlawful contact with a minor are inapposite.

Because the Commonwealth did not meet its evidentiary burden of proving that Kokinda's vehicle was used "to implement or facilitate commission of the crime or crimes of which the person has been convicted," 18 Pa. C.S. §3141, the

---

[9] More to the point, the relevant issue before the Superior Court was Kokinda's argument that his trial counsel rendered ineffective assistance by recommending that Kokinda plead guilty but mentally ill to unlawful contact with a minor instead of pursuing a defense that his communications with the agent were part of a role-playing scenario. In addressing that issue, the PCRA court did not analyze the factual basis of Kokinda's guilty plea; it concluded that trial counsel's tactical decision did not violate Kokinda's Sixth Amendment rights.

forfeiture of Kokinda's vehicle was not authorized by Section 3141 of the Crimes Code. For these reasons, I would reverse the trial court's order.

_____
MARY HANNAH LEAVITT, President Judge