J-S44042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDREW EVAN HOWLAND | : | |
| | : | |
| Appellant | : | No. 1047 MDA 2022 |

Appeal from the Order Dated July 5, 2022
In the Court of Common Pleas of Lancaster County Civil Division at
No(s):  CI-22-01195

BEFORE:  PANELLA, P.J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:           **FILED: FEBRUARY 14, 2023**

Andrew Evan Howland (Howland) appeals from the order entered in the Court of Common Pleas of Lancaster County (trial court) granting the Commonwealth's petition for civil forfeiture of cell phones, a SIM card, cash and electronic memory devices and dismissing his motion for return of property.[1]  We affirm in part and vacate in part.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] "The Commonwealth Court normally has jurisdiction over appeals from forfeiture orders … [b]ut when neither party objects, we can elect to exercise jurisdiction over a forfeiture appeal." **Commonwealth v. Bowers**, 185 A.3d 358, 362 (Pa. Super. 2018).  Because the Commonwealth has not objected, we will not transfer this appeal to the Commonwealth Court.  **See id.**

We take the following background facts and procedural history from the trial court's September 21, 2022 opinion and our independent review of the record.

## I.

### A.

In August 2021, a jury found Howland guilty of kidnapping of a minor to facilitate a felony; unlawful contact with a minor-sexual offenses; involuntary deviate sexual intercourse with a person less than 16; statutory sexual assault; aggravated indecent assault of a person less than 16; indecent assault of a person less than 16; interference with custody of children; corruption of minors; criminal use of a communication facility; and four counts of possession of child pornography-children engaged in sex acts for his possession of 46 images and 22 videos.[2]  The charges related to the December 2, 2020 kidnapping and sexual assault of a 13-year-old minor Howland had met on social media.

At trial, 38-year-old Howland admitted to communicating with the victim on Snap Chat and Facebook, receiving images of the victim, talking about sex and picking up the victim in Indiana and bringing him back to Lancaster without the parents' permission.  (**See Commonwealth v. Howland**, 2022

---

[2] **See** 18 Pa.C.S. §§ 2904(a), 6301(a)(1)(i), 2901(a)(2), 6318(a)(1), 3123(a)(7), 3122.1(b), 3125(a)(8), 3126(a)(8), 6312(d) and 7512(a), respectively.

WL 16832489, unpublished memorandum, at *1 (Pa. Super. filed Nov. 9, 2022) (record citation omitted).

A jury convicted Howland of all charges in August 2021. On November 18, 2021, the court imposed an aggregate sentence of not less than 30 nor more than 105 years in prison. Howland timely appealed, and on November 9, 2022, while the matter currently before us was pending, a panel of this Court affirmed the judgment of sentence. (**See id.**).

**B.**

On March 4, 2022, the Commonwealth filed a petition for forfeiture of certain property seized from the hotel room and Howland's vehicle. Specifically: $5,177.63 in United States Currency; an Apple iPhone with a black case; two Apple iPhones with black otter box cases; an Apple iPod with chrome finish; six Thumb Drives; one Micro Sim Card (Scandisk 8 GB, Serial Number 8176DPEVYG0E); a Transcend brand Sim Card; an eight GB Verbatim brand SD Card; and one black Alcatel flip phone. (**See** Petition for Forfeiture, 3/04/22, at ¶ 1(a)-(e)).[3] The Commonwealth represented the items were

---

[3] While all of this was going on, Howland, on March 10, 2022, filed a motion for return of property seeking "all items seized through police warrants, as well as items taken by police and the D.A.'s office without a warrant." (Motion for Return of Property, 3/10/22, at 1). The Commonwealth opposed the motion because Howland failed to set forth any basis for the property's return and the trial court denied Howland's motion on March 16, 2022, without explanation or a hearing. (**See** Commonwealth's Response, 3/16/22).

*(Footnote Continued Next Page)*

J-S44042-22

owned by Howland and subject to forfeiture pursuant to Section 3141 of the

Crimes Code[4] and set forth the material facts:

> On December 1, 2020, the Jackson County Sheriffs Department received a 911 call regarding a missing child. After investigation, it was determined that the Defendant had kidnapped a 13-year-old child in Indiana. The investigation led law enforcement agents to a hotel in West Hempfield Township, Lancaster County PA. After locating the defendant and the missing child, the juvenile was interviewed and disclosed that the

_____

Judge Reinaker denied Howland's March 2022 motion for return of property. Judge Wright heard the petition for forfeiture, decided the June 13, 2022 motion for return of property and issued the July 5, 2022 order on appeal.

[4] Pursuant to Section 3141:

A person:

> (1) convicted under section 3121 (relating to rape), 3122.1 (relating to statutory sexual assault), 3123 (relating to involuntary deviate sexual intercourse), 3124.1 (relating to sexual assault), 3125 (relating to aggravated indecent assault) or 3126 (relating to indecent assault); or

> (2) required to register with the Pennsylvania State Police under 42 Pa.C.S. Ch. 97 Subch. H [42 Pa.C.S.A. §§ 9799.10 *et seq.*,] (relating to registration of sexual offenders) or I [42 Pa.C.S. §§ 9799.51 *et seq.*,] (relating to continued registration of sexual offenders);

> may be required to forfeit property rights in any property or assets used to implement or facilitate commission of the crime or crimes of which the person has been convicted. The forfeiture shall be conducted in accordance with 42 Pa.C.S. §§ 5803 (relating to asset forfeiture), 5805 (relating to forfeiture procedure), 5806 (relating to motion for return of property), 5807 (relating to restrictions on use), 5807.1 (relating to prohibition on adoptive seizures) and 5808 (relating to exceptions).

18 Pa.C.S. § 3141.

two had met on the Internet, the Defendant had picked the child up in the middle of the night without the parent's permission, drove back to Lancaster, PA in his black Nissan Rogue and rented a hotel room for the pair. The juvenile indicated that the Defendant had used cash the entire time they were on the road, and they had had conversations about his saving money in order to be able to come and take the child.

It was also learned that the Defendant committed numerous sexual assaults on the victim during their stay in Lancaster County. Upon finding the two, both the car and the hotel room were seized and searched. Within the hotel room was United States currency, in addition to several cellular devices, unused condoms, keys to the car and various other personal items. Within the car was found to be additional cellular devices, computer storage devices and United States currency. The devices were thereafter searched by the Digital Forensic Unit [that] uncovered through a forensic examination images of child pornography depicting children under the age of eighteen (18) engaged in prohibited sexual acts or the simulation of such act.

(Petition for Forfeiture, at 1-2).

The court held a hearing on the Commonwealth's forfeiture petition and summarized as follows:

In support of its request for forfeiture, the Commonwealth presented the testimony of two detectives involved in the December 3, 2021, search for and seizure of the at-issue items. Detective Brent Schultz of the Lancaster County District Attorney's Office took the stand first. Detective Schultz testified that during the December 3rd search of the room where Defendant and the kidnapped minor were found, he seized Apple Phone cellular devices and a duffle bag containing approximately $5,177.63 in cash. (**See** N.T. Hearing, 5/03/22, at 5-8). Detective Schultz testified that the victim reported that Defendant "would only use cash" during the trip from Indiana to Lancaster, and that the victim "had observed a large quantity of cash" in Defendant's possession. (**Id.** at 8-9). Detective Schultz further testified that Defendant made statements to the child victim that Defendant would provide financially for the victim, including by paying for gender-affirming procedures. (**See id.** at 17).

Detective Schultz testified that he later conducted an interview with the victim, during which he learned that Defendant and the victim became friends and communicated with each other through social media, Snap Chat, and Facebook. (***See id.*** at 8). Detective Schultz explained that these social media sites are usually accessed through a cell phone or other type of "smart device." (***Id.*** at 12-13).

West Hempfield Township Detective Robert Bradfield testified next. Detective Bradfield explained that he was responsible for searching Defendant's vehicle, which Defendant drove from Lancaster to Indiana to kidnap and transport the victim back to Lancaster and which was parked in front of the hotel where Defendant and the victim were found. (***See id.*** at 21-22). Detective Bradfield testified that he collected "numerous items of investigative importance" from Defendant's vehicle, including "a box of thumb drives ... SD cards ... [and] two cell phones," one being an "Apple Phone" and the other being a "flip phone." (***Id.*** at 21). Detective Bradfield testified that he had reviewed security footage from the hotel where Defendant and the victim stayed that showed Defendant and the victim entering and exiting the vehicle. (***See id.*** at 23). He also testified that the police were able to locate Defendant and the minor victim because Defendant's "phone was being pinged." (***Id.*** at 21-22).

(Trial Court Opinion, 9/21/22, at 2-4) (some record citation formatting provided).

Howland cross-examined Detective Schultz, attempting to show that the victim was not always with him when he went into stores, there was no recording of the victim's statements and the import of a ledger seized by police. The detectives stated that they did not know which of the four cell phones the police seized was "pinged" without their reports, and that the devices themselves did not contain illegal images because they were saved on Snap Chat, but that this was accessible via an application on the phones.

Howland did not testify on his own behalf or produce any witnesses or evidence.

Howland filed a *pro se* motion to dismiss the forfeiture action arguing that the Commonwealth failed to meet its burden of proof and argued at the hearing that the items were in his possession while he was committing kidnapping, 18 Pa.C.S. § 2901, but this is not a listed offense subject to forfeiture under Section 3141. (**See** Motion for Dismissal, 6/13/22, at ¶¶ 1- 2, 4-5).[5]

On June 13, 2022, Howland filed a *pro se* motion for return of property pursuant to 42 Pa.C.S. § 2901 and Rule of Criminal Procedure 588 that sought the return of his items that the police seized on December 3, 2020, that were not listed in the Commonwealth's petition for forfeiture. (**See** Motion for Return of Property, 6/13/22, at ¶¶ 1-8).[6]

---

[5] On May 9, 2022, the court directed the Commonwealth to file a supporting brief on the forfeiture issue within 20 days of the hearing transcript's filing, with Howland to file a brief 20 days after receiving the Commonwealth's brief. As part of his motion to dismiss, he sought to dismiss the forfeiture petition because the Commonwealth did not file a court-ordered brief delaying resolution of the case. The trial court denied the motion and in its Rule 1925(a) opinion, it states that the Commonwealth's failure did not delay in any way the resolution of the matter. (**See** Trial Ct. Op., at 7). We find no abuse of discretion in not denying the forfeiture petition on this basis. **See King v. City of Philadelphia**, 102 A.3d 1073, 1077 (Pa. Cmwlth. 2014). (The trial court's decision as to whether to grant or deny a motion to dismiss for failure to file a brief is within the court's discretion.)

[6] The items included clothes, keys, prescription eyeglasses, utility knives, duffle bags, a fanny pack, a backpack, toiletries, papers (including receipts
*(Footnote Continued Next Page)*

On July 5, 2022, the court granted the Commonwealth's petition for forfeiture. The court found that "[b]ecause of his convictions, Mr. Howland's property can be subject to forfeiture if it was used to implement or facilitate the commission of **any** of the crimes for which he was convicted, including kidnapping[,]" and that "[t]he Commonwealth "established by a preponderance of the evidence that a nexus exists between Mr. Howland's crimes of kidnapping, child pornography, and criminal use of a communication facility, and the seized assets." (Order, 7/05/22, at n.2) (emphasis in original). It also dismissed Howland's June 13, 2022 motion for return of property without explanation or having held a hearing on the matter.

Howland filed a timely notice of appeal and court-ordered statement of errors complained of on appeal in which he raised 13 issues that we summarize as follows: The court erred or abused its discretion in denying his motion for return of property and in granting the Commonwealth's petition for forfeiture because (1) the Commonwealth failed to meet its burden of proof since it neither proved that any of the seized devices contained illegal images or videos nor established a nexus between the items and any crime; and (2) the court relied on inapplicable law and failed to address all items listed in the petition for forfeiture. He also complains that he was not given adequate time

---

and a vehicle title,) a box containing chargers and various items, photos, a notebook, a bag of food and the contents of the Nissan Rogue. (**See** Motion for Return of Property, 6/13/22, at ¶ 9).

for discovery. (**See** Rule 1925(b) Statement, at ¶¶ 1-8, 11-13);[7] (Howland's

Brief, at 8-9).[8]

## II.

## A.

Howland argues that the court erred in granting the Commonwealth's

petition for forfeiture because it failed to meet its burden to establish a nexus

between the property and the illegal activity by a preponderance of the

evidence.[9]     He posits that the evidence was insufficient where the

Commonwealth only provided two witnesses to testify about forensic analysis

they did not personally conduct and whose testimony was "filled with

secondhand accounts of the victim's unrecorded statements." (**See** Howland's

---

[7] Howland also claims that the court should not have accepted the petition because it was completed incorrectly where it did not contain the cellphones' values or identify them by model or serial number pursuant to 42 Pa.C.S. § 5805(a)(1)(i). (**See** Rule 1925(b) Statement, at § 10); (Howland's Brief, at 39-40). However, there is no requirement that the petition include the value, model or serial number of seized cell phones, Apple iPods or memory devices. **See** 42 Pa.C.S. § 5805(a)(1)(i). He also makes myriad claims against ADA Muller for "misrepresentations" in the petition by picking apart semantics, which we find meritless. (**See** Rule 1925(b) Statement, at § 9); (Howland's Brief, at 37-39).

[8] "[T]he standard of review applied in cases involving petitions for forfeiture and motions for the return of property is for an abuse of discretion." **Beaston v. Ebersole**, 986 A.2d 876, 880 (Pa. Super. 2009) (citation omitted).

[9] The Commonwealth did not file an appellate brief, electing to rely on the court's Rule 1925(a) opinion. (**See** Commonwealth's Correspondence, 11/03/22).

Brief at 25).[10] He also asserts that the Commonwealth failed to provide any "evidence or testimony to prove if any of [the seized] devices were used to access the online Snap Chat account [where the] illegal images were found." (*Id.* at 35).

The law of forfeiture in Pennsylvania is a creature of statute. *See Commonwealth v. Smith*, 757 A.2d 354 (Pa. 2000). Section 3141 of the Crimes Code provides, in pertinent part, that a person convicted of statutory sexual assault, involuntary deviate sexual intercourse, aggravated indecent assault or indecent assault or who is required to register as a sexual offender with the Pennsylvania State Police "may be required to forfeit property rights in any property or assets used to implement or facilitate commission of the crime or crimes of which the person has been convicted." 18 Pa.C.S. § 3141.

"Derivative contraband is property innocent by itself, but used in the perpetration of an unlawful act. An example of derivative contraband is a truck used to transport illicit goods." *Commonwealth v. Howard*, 713 A.2d 89, 92 (Pa. 1998). "Property is not derivative contraband merely because it

---

[10] Howland provides no legal citation and discussion thereof to support this issue in violation of Rule 2119(a)-(b). (*See* Howland's Brief, at 24-29). In fact, throughout his brief, he provides very limited legal citation and no pertinent discussion thereof. *See Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. Super. 2009) ("[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived.") (citations omitted).

is owned or used by someone who has been engaged in criminal conduct. Rather, the Commonwealth must establish a specific nexus between the property and the alleged criminal activity." *Id.* In a civil forfeiture case, the Commonwealth bears the burden of establishing such nexus by a preponderance of the evidence, and it "need not produce evidence directly linking seized property to illegal activity in order to establish the requisite nexus between seized property and unlawful activity[;] … instead, circumstantial evidence may suffice[.]" ***Commonwealth v. $6,425.00 Seized from Esquilin***, 880 A.2d 523, 529-30 (Pa. 2005) (citations omitted).[11]

In this case, Howland was convicted of enumerated sexual offenses under Section 3141(a) and is a person required to register as a sexual offender with the state police. (***See*** Trial Court Opinion, 9/21/22, at 5). Pursuant to Section 3141, Howland's property then may be subject to forfeiture if the Commonwealth established that it is more likely than not that a sufficient nexus exists between any of the crimes of which he has been convicted and

---

[11] Howland maintains that the trial court erred for relying on ***Esquilin*** and ***Commonwealth v. 1992 Chevrolet***, 844 A.2d 583 (Pa. Cmwlth. 2004), because they involved forfeiture related to violations of the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §§ 780.101-780.144, which is not at issue here. (***See*** Howland's Brief, at 21, 30-31). However, we discern no error and we echo our sister court's observation that "[t]here is a dearth of appellate case law on the subject of forfeiture under [Section 3141] of the Crimes Code." ***Commonwealth v. 2002 Subaru Impreza***, 122 A.3d 1196, 1198 (Pa. Cmwlth. 2015).

the seized property. ***See 1992 Chevrolet***, 844 A.2d at 585; 18 Pa.C.S. § 3141.

The Commonwealth sought forfeiture of $5,177.63 in United States currency; an Apple iPhone with a black case; two Apple iPhones with black otter box cases; an Apple iPod with chrome finish; six Thumb Drives; one Micro Sim Card (Scandisk 8 GB, Serial Number 8176DPEVYG0E); a Transcend brand Sim Card; an eight GB Verbatim brand SD Card; and one black Alcatel flip phone.   (***See*** Petition for Forfeiture, 3/04/22, at ¶ 1(a)-(e)).

The Commonwealth presented testimony at the hearing that Howland communicated with the minor victim on Snap Chat and Facebook, applications accessible on cellphones and other electronic devices with the intent of kidnapping him in order to sexually assault him, which he did.   (***See*** N.T., 5/09/22, at 12-13, 17-18).   Detective Schultz testified that the minor victim told him that Howland said he had been saving money to be able to care for the victim and that he used cash when traveling from Indiana to Lancaster, Pennsylvania.   (***See id.*** at 9).   When police analyzed the devices that they seized from the hotel room and Howland's vehicle which he had used for the trip, they discovered child pornography saved on his Snap Chat account but not on the devices themselves.   (***See id.*** at 14).

Based on the foregoing, the Commonwealth established a nexus between the cell phones, Apple iPod, Micro SIM card and currency and Howland's commission of his illegal activity by a preponderance of the

evidence. Howland accessed social media using his electronic devices in order to store child pornography on Snap Chat and to communicate with the victim in furtherance of his illegal intent to kidnap him for the purpose of sexually assaulting him.[12] There also was testimony that he was saving money to enable him to perpetrate this illegal activity. Evidence directly linking the cell phones, SIM card, Apple iPod and money to the crime was not required, as circumstantial evidence was sufficient and it was more likely than not that Howland used these seized items in furtherance of his illegal activity. *See Esquilin*, 880 A.2d at 529-30.

However, there was no evidence presented that the thumb drives or SD cards contained any illegal content or were utilized in any way to perpetuate an unlawful act. The testimony was that the illegal images and videos were stored on Snap Chat only, not on any seized property itself. Because the record does not support the court's finding that the Commonwealth

---

[12] Howland's claims that the items could not be forfeited because kidnapping is not an enumerated offense under Section 3141 and he was no longer engaged in kidnapping at the time police seized the property are not persuasive. He was convicted of kidnapping to facilitate a felony against a minor. *See* 18 Pa.C.S. § 2901(a)(2) ("A person is guilty of kidnapping if he unlawfully removes another a substantial distance under the circumstances from the place where he is found, **or** if he unlawfully confines another for a substantial period in a place of isolation" with the intent of facilitating any felony.) (emphasis added). "The statutory concept of a 'place of isolation' is not geographic isolation, but rather effective isolation from the usual protections of society." *Commonwealth v. Jenkins*, 687 A.2d 836, 838 (Pa. Super. 2006) (citation and most internal quotation marks omitted). These arguments lack merit.

established a nexus between these memory devices and the illegal activity.[13] we vacate the trial court's order granting the Commonwealth's petition in its entirety and remand for the court to amend its order to reflect that the petition is granted as to the United States Currency, three cellular telephones, one Micro SIM card and one flip phone, and is denied as to the six thumb drives and two SD Cards.

**B.**

Howland argues next that he was not given adequate time to conduct discovery on the petition for forfeiture and, therefore, the forfeiture procedures could not be properly carried out pursuant to 42 Pa.C.S. § 5805. He claims that the Commonwealth possesses a ledger and receipts that would show that Howland lawfully acquired and used the cash that police seized from him. First, Howland would have known how he acquired and used the cash. Second, presumably he was aware of the items seized from his hotel room and vehicle at that time and could have sought further discovery about them. Third, Howland fails to identify what part of the procedure set forth in Section 5805 could not be conducted. While Section 5805(c) allows for discovery on a petition for forfeiture, Howland fails to demonstrate that he attempted to conduct discovery at any time between receipt of the petition and the hearing,

---

[13] In fact, as noted by Howland, the court did not address the memory devices. (*See* Howland's Brief, at 31).

and our review of the certified record does not reveal that any such request was made.[14]

## C.

We next consider Howland's claim that the trial court erred when it dismissed his June 13, 2022 motion for return of property filed pursuant to Section 5806 of the Forfeiture Act and Rule 588 seeking to return personal items.[15]  (**See** Howland's Brief, at 35-37).

_____

[14] Likewise, we are not persuaded by Howland's reliance on **Commonwealth v. All That Certain Lot or Parcel of Land Located at 605 Univ. Drive**, 104 A.3d 411 (Pa. 2014), for the apparent proposition that a court can only schedule a hearing once a defendant has filed an answer to a petition for forfeiture.  In that case, the Court was considering whether the language of Section 6802(i), which has since been repealed and, in any event is different than the language of Section 5805, mandated a hearing before a court could enter summary judgment in a forfeiture action.  **See 605 Univ. Drive**, 104 A.3d at 428-29.  This is inapposite to the circumstances presented here.

[15] Pursuant to Rule 5806 of the Forfeiture Act:

**(a) Motion.—**The following shall apply:

(1) A person aggrieved by a search and seizure may move for the return of the property seized by filing a motion in the court of common pleas in the judicial district where the property is located.

(2) The filer under paragraph (1) must serve the Commonwealth.

(3) Upon proof of service, the court shall schedule a prompt hearing on the motion and shall notify the Commonwealth.  A hearing on the motion shall, to the extent practicable and consistent with the interests of justice, be held within 30 days of the filing of the motion.

*(Footnote Continued Next Page)*

… [On] any motion for return of property, the moving party must establish by a preponderance of the evidence entitlement to lawful possession. Once that is established, unless there is countervailing evidence to defeat the claim, the moving party is entitled to the return of the identified property. A claim for return of property can be defeated in two ways: an opposing party can establish that it, not the moving party, is entitled to lawful possession to the property or the Commonwealth can seek forfeiture claiming that property for which return is sought is derivative contraband.

***Commonwealth v. Durham***, 9 A.3d 641, 645 (Pa. Super. 2010), *appeal denied*, 19 A.3d 1050 (Pa. 2011) (internal citations omitted).

Howland's motion for return of property identified the property that was the subject of the motion, clarified that none of the requested property was part of the Commonwealth's forfeiture action and stated that Howland is entitled to lawful possession. (***See*** Motion for Return of Property, 6/13/22, at ¶¶ 1-4). Despite the motion raising material facts about whether Howland is entitled to the property's return, the court dismissed it without a hearing.[16]

We conclude this was error where the controlling law mandates that a court shall schedule a prompt hearing upon proof of service. There is a

---

(4) The assigned judge may require the filing of an answer.

(5) If a forfeiture petition was filed by the Commonwealth before the filing of a motion for return of property, the motion shall be assigned to the same judge for disposition, as practicable.

42 Pa.C.S. § 5806(a); ***see*** Pa.R.Crim.P. 588 (same).

[16] The motion and the property identified therein was not addressed at the forfeiture hearing.

material issue about whether Howland is entitled to the property's return, particularly where the Commonwealth expressly elected not to include the identified items in the petition for forfeiture. Accordingly, we vacate that portion of the July 5, 2022 order dismissing Howland's June 13, 2022 motion for return of property and remand for the court to conduct proceedings on its merit. **See Commonwealth v. Doranzo**, 455 A.2d 708 (Pa. Super. 1983) (remand to develop record on motion for return of property appropriate).

**D.**

Howland maintains that the trial court erred when it reviewed the criminal informations filed against him in the underlying case since they were not admitted as evidence in this matter. (**See** Howland's Brief, at 23). He argues that these documents could have influenced the court's decision. (**Id.** at 22).

"[A] court may not ordinarily take judicial notice in one case of the records of another case, whether in another court or its own." **Commonwealth v. Verdier**, 272 A.3d 470, at *2 (Pa. Super. filed Jan. 11, 2022) (unpublished memorandum). However, even if this was error, it was harmless where Howland produces no evidence that he was prejudiced by the court's actions where the court relied on the testimony produced at the hearing to support its decision, not outside documents. Howland is due no relief on this claim.

In conclusion, we vacate that part of the order granting the Commonwealth's petition for forfeiture in its entirety and remand for the court to amend it consistent with this decision and vacate the order's dismissal of Howland's motion for return of property for the court to conduct appropriate proceedings. We affirm in all other respects.

Order affirmed in part. Vacated in part. Case remanded. Jurisdiction relinquished.

President Judge Panella concurs in the result.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2023